NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CARMAZZI GLOBAL SOLUTIONS, INC.,**
*Appellant*

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**
*Appellee*

---

2021-2035

---

Appeal from the Civilian Board of Contract Appeals in Nos. 6264-R, 6279-R, 6284-R, Administrative Judge Erica S. Beardsley, Administrative Judge Jeri Kaylene Somers, Administrative Judge Joseph A. Vergilio.

---

Decided:  December 28, 2022

---

PATRICK BERNARD KERNAN, Whitcomb, Selinsky, PC, Denver, CO, argued for appellant.  Also represented by TIMOTHY TURNER.

BORISLAV KUSHNIR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for appellee.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY; BRANDON DELLAGLIO, DOROTHY M. GUY, TAL KEDEM, ALICE SOMERS,

Office of the General Counsel, United States Social Security Administration, Baltimore, MD.

_____

Before MOORE, *Chief Judge*, LOURIE and PROST, *Circuit Judges*.

PROST, *Circuit Judge*.

Carmazzi Global Solutions, Inc. ("CGS") appeals the U.S. Civilian Board of Contract Appeals' ("Board") denial of its motion to vacate summary judgment. We dismiss for lack of a timely notice of appeal.

## BACKGROUND

We discuss only the facts relevant to our dismissal. The Social Security Administration ("SSA") terminated certain contracts with CGS for cause. Before the Board, CGS sought to convert those for-cause terminations into for-convenience terminations. SSA moved for summary judgment that its for-cause terminations were proper, and the Board granted the motion. CGS filed a motion to vacate the Board's grant of summary judgment, which the Board denied on January 19, 2021. CGS received a copy of that denial the same day. On May 19, 2021—120 days after the Board's denial—CGS filed a notice of appeal with the Board. CGS then filed a notice of appeal with this court on June 2, 2021—134 days after the Board's denial.

## DISCUSSION

### I

This court has exclusive jurisdiction over appeals from a final Board decision "pursuant to [41 U.S.C. § 7107(a)(1)." 28 U.S.C. § 1295(a)(10). Section 7107(a)(1) provides that

a contractor may appeal the [Board's] decision to the United States Court of Appeals for the Federal

> Circuit within 120 days from the date the contrac-
> tor receives a copy of the decision . . . .

41 U.S.C. § 7107(a)(1)(A). This 120-day deadline is juris-
dictional. *Parsons Evergreene, LLC v. Sec'y of Air Force*,
968 F.3d 1359, 1367 (Fed. Cir. 2020). And Rule 15(a)(2)(A)
of the Federal Circuit Rules of Practice ("FCRP") specifies
that, "to . . . appeal from a decision or order of [the Board],
the petitioner must file a . . . notice of appeal *with this
court's clerk of court* within the time prescribed by law."
Fed. Cir. R. Prac. 15(a)(2)(A) (emphasis added).

CGS filed its notice of appeal of the Board's denial of
its motion with this court 134 days after receiving the
Board's decision. That's 14 days after the statutory dead-
line and thus does not provide a basis for our jurisdiction.

## II

CGS contends that its 120-day filing with the Board
satisfies the statutory deadline and that therefore we
should exercise our discretion to reach the merits of this
appeal.[1] We are not persuaded.

As an initial matter, CGS acknowledges that its failure
to follow FCRP 15(a)(2)(A) "was an honest mistake based
on unfamiliarity with [FCRP] 15(a)(2)(A)." Appellant's
Br. 17. In other words, it wasn't that the rule was unclear
or hard to find; CGS's counsel just didn't know about it and
so didn't read it. But a failure to read this court's rules is
a mistake that we need not excuse.

Nevertheless, CGS urges us to apply an analog of
Rule 4(d) of the Federal Rules of Appellate Procedure

---

[1] CGS acknowledges that its failure to abide by
FCRP 15(a)(2)(A) provides us with the discretion to dis-
miss, Appellant's Br. 16, so we need not and do not reach
the question of whether that rule is jurisdictional, *see* Ap-
pellee's Br. 13–18.

("FRAP") such that CGS's mistaken filing at the Board is "deemed filed on that same date with this [c]ourt." Appellant's Br. 18. FRAP 4(d) addresses "mistaken filing[s]" in "court[s] of appeals." Fed. R. App. P. 4(d) (cleaned up). It provides that "a notice of appeal . . . mistakenly filed in the court of appeals" is "considered filed in the district court on" the date it was filed in the appellate court. *Id.* CGS acknowledges, however, that we are faced with a different situation here—a mistaken filing in a lower tribunal as opposed to a mistaken filing in a higher tribunal. Indeed, that is not the only difference. FRAP 4(d) addresses only Article III courts. It permits a notice of appeal to be "considered filed" in a federal district court on the date the notice was "mistakenly filed" in a federal appellate court. Because neither FRAP 4(d) nor any other rule that CGS has identified contemplates the situation here—i.e., a means by which an Article III court may consider a notice of appeal to be properly filed when it's mistakenly filed in an Article I tribunal—CGS's argument concerning FRAP 4(d) does not persuade us to excuse its failure to abide by this court's rules and consider its filing with the Board to satisfy FCRP 15(a)(2)(A). *See* Appellant's Br. 17–18.

CGS simply did not properly "appeal . . . to [this court] within 120 days from the date [CGS] receive[d] a copy of the [Board's] decision." 41 U.S.C. § 7107(a)(1)(A); Fed. Cir. R. Prac. 15(a)(2)(A). Since CGS has not persuaded us that we should exercise our discretion to reach the merits of this appeal, we dismiss.

## CONCLUSION

We have considered CGS's remaining arguments and find them unpersuasive. For the foregoing reasons, we dismiss.

## DISMISSED